PHILLIP A. TALBERT
Acting United States Attorney
JAMES R. CONOLLY
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHON LOUIS WILLSON,<br>a.k.a., Antonio Soto-Perez,<br><br>Defendant. | CASE NO. 2:19-CR-175-MCE<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING CHANGE OF PLEA HEARING; ORDER<br><br>DATE: April 1, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

## **BACKGROUND**

The indictment in this case charges the defendant, Jonathon Louis Willson, a.k.a., Antonio Soto-Perez, with violations of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm (Counts One through Four) and a violation of 18 U.S.C. § 922(a)(1)(A), Dealing Firearms without a License (Count Five). The parties have entered into a plea agreement to resolve these charges. This matter has been set for a change of plea before this Court on April 1, 2021.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that

1  case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23
2  § 15002(b)(2).
3        On March 29, 2020, the Judicial Conference of the United States made the findings required by
4  the CARES Act, concluding that "emergency conditions due to the national emergency declared by the
5  President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the
6  Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the
7  functioning of the federal courts generally."
8        On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings
9  required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure
10 and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted
11 in person without seriously jeopardizing public health and safety."
12       In order to authorize felony pleas or hearings by remote means, however, the CARES Act—as
13 implemented by General Order 620—also requires district courts in individual cases to "find, for
14 specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without
15 serious harm to the interests of justice."  General Order 620 further requires that the defendant consent
16 to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless
17 "videoconferencing is not reasonably available."  In such cases, district courts may conduct hearings by
18 teleconference.

19                               **STIPULATION**
20       Plaintiff United States of America, by and through its counsel of record, and defendant, by and
21 through defendant's counsel of record, hereby stipulate as follows:
22       1.      The Governor of the State of California declared a Proclamation of a State of Emergency
23 to exist in California on March 4, 2020.
24       2.      On March 13, 2020, the President of the United States issued a proclamation declaring a
25 National Emergency in response to the COVID-19 pandemic.
26       3.      In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and
27 other public health authorities have suggested the public avoid social gatherings in groups of more than
28 10 people and practice physical distancing (within about six feet) between individuals to potentially

slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact and vaccines have not been widely distributed to the general population.

4. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

5. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public.  It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

6. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload."  The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations).  The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

7. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

8. On May 13, 2020, General Order 618 issued, continuing court closures until further notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. General Order Nos. 613, 614, 615, 616, 620, 621, 624 have also issued and made findings and implementing temporary emergency procedures in response to the COVID–19 crisis, and these General Orders either remain in effect or have been superseded by a subsequent General Order

extending their provisions, with General Order 624 having expired on December 29, 2020. On January 4, 2021, General Order 628 issued, authorizing further continuances of hearings and exclusions under the Speedy Trial Act for another 90 days unless terminated earlier.

10. Given these facts, it is essential that judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

11. The change of plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

12. Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference. Counsel joins in this consent.

13. THEREFORE, the parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 620 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 620 (as extended by General Order 628). Specifically, for the reasons further set forth below, the parties agree that:

    a) The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California, and the additional backlog of cases that is likely to increase in this district if criminal matters do not proceed by videoconference when the defendant consents and a resolution has been reached between the parties.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

      b)     Under CARES Act § 15002(b), the defendant acknowledges that he has the right to be physically present for this hearing, but waives that right, and consents to proceed with a remote hearing by videoconference.

    14.     Defendant's counsel, Etan Zaitsu, joins in that acknowledgment, waiver, and consent.

IT IS SO STIPULATED.

Dated: March 30, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Special Assistant U.S. Attorney

Dated: March 30, 2021

/s/ ETAN ZAITSU
ETAN ZAITSU
Counsel for Defendant
JONATHON LOUIS WILLSON

## ORDER

1.     The Court adopts the findings above.

2.     Further, the Court specifically finds that:

a)     The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice; and

b)     The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference.

3.     Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 628, the change of plea hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

Dated: March 31, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING HEARING     5